IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| A.Z.C. | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Case No. 7:25-cv-181-LAG-ALS |
| | : 28 U.S.C. § 2241 |
| TONY NORMAND, *et al.*, | : |
| | : |
| Respondents. | : |

**ORDER FOR RESPONSE**

Pending before the Court is Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Doc. 1).[1] Having reviewed the habeas application, it is not clear to the Court the basis for Petitioner's detention. Specifically, Petitioner alleges that he is an arriving alien who was granted parole under Immigration and Nationalization Act § 212(d)(5), but that Respondents have mandatorily detained him under 8 U.S.C. § 1225(b)(2), rather than discretionary detention under 8 U.S.C. § 1226(a). It is, thus, not clear to the Court whether this case involves the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025), concerning whether the petitioner is properly detained under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a). In light of those decisions, Respondents are directed to file a limited response within seven (7) days addressing specifically the basis for Petitioner's detention. Petitioner may file a reply within three (3) days of Respondents' response to this Order.

**SO ORDERED**, this 4th day of December, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner originally filed his habeas application in the United States District Court for the Southern District of Georgia. (Doc. 1). However, on December 3, 2025, that court transferred the case to this Court. (Docs. 4, 5).